1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   AUGUSTIN E. RODRIGUEZ,          )   No. C 06-6737 JSW (PR)
                                     )
10                Petitioner,        )
                                     )
11        vs.                        )   **ORDER OF DISMISSAL WITH**
                                     )   **LEAVE TO AMEND**
12   T. FELKER, Warden,              )
                                     )   (Docket No. 4)
13                Respondent.        )
                                     )
14   _____)

15

16                          **INTRODUCTION**

17          Petitioner, a prisoner of the State of California, currently incarcerated at High

18   Desert State Prison in Susanville, California, has filed a habeas corpus petition pursuant to

19   28 U.S.C. § 2254 challenging the constitutional validity of his state conviction.  Petitioner

20   has also filed a motion seeking leave to proceed *in forma pauperis* (docket no. 4), which

21   is now GRANTED.  This order directs Respondent to show cause why the petition should

22   not be granted.

                             **BACKGROUND**

23          According to the petition, Petitioner was convicted after trial of second degree

24   murder and use of a firearm in San Mateo County Superior Court and sentenced to a term

25   of 90 years-to-life in state prison.  Petitioner appealed his conviction to the California

26   Court of Appeal and he Supreme Court of California denied Petitioner's petition for

27   review.  Petitioner filed the instant federal habeas petition on October 30, 2006.

28

**DISCUSSION**

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     <u>Legal Claims</u>

The petition alleges that: 1) Petitioner's due process rights were violated by the improper jury instructions issued by the trial court; 2) the trial court erred in admitting evidence of the facts underlying a prior conviction as evidence of intent; and 3) the trial court erred in failing to state reasons for "consecutive sentencing to determinate sentences." However, the petition has a critical defect: the petition does not mention any violation of a federal right with regard to any of the claims he wishes to raise, except claim one, where Petitioner has attached what appear to be state court briefs that mention federal constitutional error. Although on the court's form petition, Petitioner has stated "see p.5 of Attached Memorandum of Points and Authorities" with regard to these claims, the Court is unable to discern what Petitioner is referring to, as this document does not appear to have been attached to the petition and what is there does not address these claims.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d

2

1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).  Petitioner's petition must be dismissed for failure to state a cognizable claim for federal habeas relief.  He will be given leave to amend to cure this defect, as set forth below.

### CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within ***thirty (30) days*** of the date of this order in which Petitioner presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States.  Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action.  The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page.  Failure to file an amended petition by the deadline will result in dismissal of this action.

It is Petitioner's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with any orders of the Court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

IT IS SO ORDERED.

DATED:  April 12, 2007

_____
JEFFREY S. WHITE
United States District Judge